Counsel for Plaintiffs
Weisberg Cummings, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARRY A. LAKE, JR., individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>TERRASMART, LLC<br><br>　　　　Defendant. | Case No.: _____<br><br>COMPLAINT - COLLECTIVE ACTION<br><br><br>**JURY TRIAL DEMANDED**<br><br>*ELECTRONICALLY FILED* |

**THIS FIRM IS A DEBT COLLECTOR AND WE ARE ATTEMPTING TO COLLECT A DEBT OWED TO OUR CLIENTS.  ANY INFORMATION OBTAINED FROM YOU WILL BE USED FOR THE PURPOSE OF COLLECTING THE DEBT.**

## **COMPLAINT - COLLECTIVE ACTION**

Named Plaintiff, BARRY A. LAKE, JR. ("Mr. Lake" or "Named Plaintiff"), individually and on behalf of all others similarly situated (collectively "Plaintiffs"), by and through undersigned counsel, Weisberg Cummings, P.C., hereby file this Complaint - Collective Action ("Complaint") against Defendant, TERRASMART, LLC ("TerraSmart" or "Defendant"), for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), as well as individual claims pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101 *et seq.* ("PMWA") and the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq.* ("PWPCL"), as follows:

## **PARTIES**

A.  **Named Plaintiff**

1. Mr. Lake was employed as a Field Supervisor at Terra Smart, LLC from on or about April 13, 2016 to on or about June 29, 2018. Mr. Lake is a resident of the Commonwealth of Pennsylvania, residing at 614 Louden Road, St. Thomas, Franklin County, Pennsylvania. Mr. Lakes's consent to join the collective action aspect of this lawsuit is attached to this Complaint as Exhibit A.

**B.     Defendant**

2.     TerraSmart, LLC is registered in the Commonwealth of Pennsylvania as a foreign limited liability corporation (incorporated in Florida), providing solar ground mount racking, design, engineering, manufacturing and installation, with a registered address in care of (c/o) Corporation Service Company, 2595 Interstate Drive, Suite 103, Dauphin County, Harrisburg, Pennsylvania 17110 and its corporate headquarters located at 14590 Global Parkway, Ft. Myers, Lee County, Florida.

3.     At all times relevant to this Complaint, TerraSmart conducted business operations and employed Mr. Lake within the Commonwealth of Pennsylvania.

4.     At all times relevant to this Complaint, TerraSmart has been an employer within the meaning of the FLSA, PMWA, and PWPCL.

5.     At all times relevant to this Complaint, TerraSmart has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

6.     At all times relevant to this Complaint, TerraSmart has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because it has engaged employees in commerce. 29 U.S.C. § 203(s)(1).

7. TerraSmart has had, and continues to have, an annual gross income of sales made, or business done, of not less than $500,000.00. 29 U.S.C. § 203(s)(1).

## JURISDICTION AND VENUE

8. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Subject matter jurisdiction over these FLSA claims arises under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9. The PMWA and PWPCL each provide for a private right of action to enforce their provisions. This Court has supplemental jurisdiction over Pennsylvania state law claims pursuant to 28 U.S.C. § 1367.

10. Venue in this district is proper under 28 U.S.C. § 1391(b), because TerraSmart does business in this district and substantial unlawful conduct giving rise to the claims set forth in this Complaint occurred in this district.

## BACKGROUND

11. Mr. Lake and all Plaintiffs opting into the collective action aspect of this lawsuit were Field Supervisors[1] at TerraSmart, which did not require an advanced degree, and acquired their skill by experience rather than by an advanced specialized intellectual instruction with respect to their job qualifications.

---

[1] TerraSmart also uses the term Field Superintendents to refer to Field Supervisors, as the job positions are interchangeable.

4

12. TerraSmart told Mr. Lake and all Plaintiffs opting into the collective action aspect of this lawsuit that they would earn a salary, and were not paid by the hour or an overtime rate, although federal and state law requires paying them by the hour and at an overtime rate for hours in excess of forty (40) hours per week.

13. Mr. Lake and all Plaintiffs opting into the collective action aspect of this lawsuit are entitled to compensation for certain travel time that was integral and indispensable to their work for Defendant as work time.

14. From the date of hire, Mr. Lake and all Plaintiffs opting into the collective action aspect of this lawsuit frequently had to work in excess of forty (40) hours per week.

15. TerraSmart willfully refused to pay Mr. Lake and all Plaintiffs opting into the collective action aspect of this lawsuit overtime for the time they worked in excess of forty (40) hours per week from their date of hire through the filing date of this Complaint.

16. TerraSmart has willfully violated the FLSA, related federal regulations, and Pennsylvania wage and hour laws through its failure to properly pay Mr. Lake and all Plaintiffs opting into the collective action aspect of this lawsuit for all overtime hours they have worked. In particular, Mr. Lake and all Plaintiffs opting into the collective action aspect of this lawsuit often worked in excess of forty (40) hours per week, and in such cases, Defendant did not pay

additional compensation of at least the legally mandated rate. Specifically, Defendants forced Mr. Lake and all Plaintiffs opting into the collective action aspect of this lawsuit to work beyond their shift end time without pay. Defendants knew and have been aware at all times that Mr. Lake and all Plaintiffs opting into the collective action aspect of this lawsuit regularly worked in excess of forty (40) hours per week, and yet failed to pay them for all overtime hours they worked.

17. Further, in violation of federal and state laws, including without limitation, the FLSA and Pennsylvania wage and hour laws, TerraSmart did not post employees' rights posters and/or provide any required notices to employees, including Mr. Lake and all Plaintiffs opting into the collective action aspect of this lawsuit, regarding their rights under such laws, despite TerraSmart having multiple in-house lawyers advising it on compliance with wage payment laws. These actions demonstrate that TerraSmart's non-compliance was willful, malicious, and in knowing violation of the federal and state laws addressed herein.

18. TerraSmart willfully withheld compensation in the form of a regular contribution to Mr. Lake's 401(k) retirement account.

19. Mr. Lake and all Plaintiffs opting into the collective action aspect of this lawsuit were subjected to TerraSmart's common plan of depriving them overtime pay.

20. With respect to Mr. Lake's FLSA claims, Mr. Lake seeks to represent all Plaintiffs opting into the collective action aspect of this lawsuit as a collective class (the "FLSA Class") that is comprised of and defined as:

> All employees who are or have been employed by Defendant, TerraSmart, LLC, as Field Supervisors, including Field Superintendents, from three (3) years prior to the filing date of this Complaint up until this Collective Action Class is finally certified by the Court, who were required to work more than forty (40) hours per week without being paid at overtime rates.

21. The FLSA aspect of this lawsuit is being brought as a collective action under the FLSA, 29 U.S.C. § 216(b), because Mr. Lake and the FLSA Class are similar in that they all: (a) had similar duties; (b) performed similar tasks; (c) were not paid overtime compensation; and (d) were not subject to individualized circumstances that impact their right to recover the damages sought herein.

22. Mr. Lake will fairly and adequately protect the interests of the FLSA Class. Mr. Lake and the FLSA Class have retained counsel experienced and competent in collective/class actions and complex employment litigation.

23. Mr. Lake has no conflict of interest with the FLSA Class.

24. The books and records of TerraSmart are material to Plaintiffs' claims as they disclose the hours worked and wages paid to Mr. Lake and members of the FLSA Class.

## COUNT I

### VIOLATIONS OF THE FLSA
*(Plaintiffs v. Defendant)*

25. Plaintiffs incorporate all previous paragraphs of this Complaint herein by reference as if more fully set forth at length.

26. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

27. Plaintiffs are "employees" and Defendant is or was collectively and individually their "employer" covered under Section 203 of the FLSA.

28. The FLSA regulates, among other things, the payment of overtime to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

29. Section 13 of the FLSA exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiffs. 29 U.S.C. § 213.

30. As set forth above, Defendant violated the overtime provisions of the FLSA as it failed to pay Plaintiffs the required one and one-half (1½) times for each hour worked in excess of forty (40) hours in a workweek, in violation of 29 U.S.C. §§ 207(a) and 215(a)(2). Overtime pay is, therefore, due and owing to Plaintiffs.

31. Defendant's failures to pay Plaintiffs overtime at one and one-half (1½) times Plaintiffs' regular rate of pay for all hours worked over forty (40) hours in a workweek was willful, intentional, and malicious.

32. Defendant violated the FLSA by failing to pay for overtime. In the course of perpetrating these unlawful practices, Defendant also willfully failed to keep accurate records of all hours worked by its employees, including Plaintiffs.

33. Plaintiffs are entitled to damages incurred within the three (3) years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for, whether its conduct was prohibited by the FLSA.

34. Defendant has not acted in good faith or with reasonable grounds to believe that its actions and omissions were not in violation of the FLSA, and as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay permitted by 29 U.S.C. § 216(b). Alternatively, should this Honorable Court find Defendant did not act willfully in failing to pay overtime pay, Plaintiffs are entitled to an award of pre-judgment interest at the applicable legal rate.

35. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiffs. Accordingly, Defendant is liable under 29 U.S.C. § 216(b),

together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Named Plaintiff, Barry A. Lake, Jr., and all Plaintiffs opting into this collective action (the "FLSA Class"), respectfully request that this Honorable Court enter Judgment in their favor and against Defendant, TerraSmart, LLC, as follows:

(a) Certify Count I as a collective action pursuant to 29 U.S.C. § 216(b);

(b) Order Defendant to file with this Court and furnish to Plaintiffs' counsel a list of all names and addresses of all TerraSmart' employees who were required to work more than forty (40) hours per week without being paid at overtime rates during the applicable statute of limitations period;

(c) Authorize Plaintiffs' counsel to issue notice at the earliest possible time to all current and former TerraSmart employees who were required to work more than forty (40) hours per week without being paid at overtime rates during the applicable statute of limitations period, informing them that this action has been filed, the nature of the action, and of their right to opt-in to this lawsuit if they were required to work more than forty (40) hours per week without being paid at

overtime rates during the applicable statute of limitations period and/or were not paid overtime pay at the proper rate;

(d)    Enter judgment in favor of Named Plaintiff and members of the FLSA Class against Defendant for violations of the FLSA's overtime requirements;

(e)    Award Named Plaintiff and members of the FLSA Class their unpaid overtime wages, in an amount to be shown at trial;

(f)    Award Named Plaintiff and members of the FLSA Class an additional equal amount as liquidated damages;

(g)    Award Named Plaintiff and members of the FLSA Class all compensatory, exemplary, liquidated, and punitive damage, including compensation for any retirement and/or tax consequences;

(h)    Award Named Plaintiff and members of the FLSA Class pre- and post-judgment interest at the legal rate;

(i)    Award Named Plaintiff and members of the FLSA Class their costs and reasonable attorneys' fees in bringing this action;

(j)    Enter an Order enjoining Defendant from future violations of the overtime wage provisions of the FLSA; and

(k)    Award Named Plaintiff and members of the FLSA Class any other relief that this Court or a jury deems appropriate.

## COUNT II

## VIOLATIONS OF THE PMWA
*(Named Plaintiff v. Defendant)*

36. Named Plaintiff incorporates all previous paragraphs of this Complaint herein by reference as if more fully set forth at length.

37. Defendant is an "employer" as that term is defined under the PMWA, 43 Pa.C.S. § 333.103(g), and is thereby subject to liability for overtime wages, liquidated damages and reasonable attorneys' fees and other costs for non-payment of salary and/or wages under the PMWA, 43 Pa.C.S. § 333.101 *et seq.*

38. As set forth above, Defendant, by its conduct, violated the overtime provisions of the PMWA as it failed to pay Named Plaintiff the required one and one-half (1½) times for each hour worked in excess of forty (40) hours in a workweek, in violation of 43 Pa.C.S. § 333.104(c). Overtime pay is, therefore, due and owing to Named Plaintiff.

39. The PMWA requires that Defendant compensate Named Plaintiff at a rate of at least one and one-half (1½) times his usual hourly wage for each hour of overtime. 43 Pa.C.S. § 333.104(c).

40. The total amount of compensation due to Named Plaintiff by Defendant constitutes wages under 43 Pa.C.S. § 333.103(d), and failure to pay the amount due constitutes a violation of the PMWA.

41. Defendant's failure and refusal to pay overtime wages was willful, intentional, and not in good faith.

WHEREFORE, Named Plaintiff, Barry A. Lake, Jr., respectfully requests that this Honorable Court enter Judgment in his favor and against Defendant, TerraSmart, LLC, as follows:

(a) Enter judgment in favor of Named Plaintiff for violations of the PMWA's overtime requirements;

(b) Award Named Plaintiff his unpaid overtime wages for being required to work more than forty (40) hours per week without being paid at overtime rates during the applicable statute of limitations period, in an amount to be shown at trial;

(c) Award Named Plaintiff liquidated damages as provided under Pennsylvania law;

(d) Award Named Plaintiff all compensatory, exemplary, liquidated, and punitive damage, including compensation for any retirement and/or tax consequences

(e) Award Named Plaintiff pre- and post-judgment interest at the legal rate;

(f) Award Named Plaintiff his costs and reasonable attorneys' fees in bringing this action;

(g) Enter an Order enjoining Defendant from future violations of the overtime provisions of the PMWA; and

(h) Award Named Plaintiff any other relief that this Court or a jury deems appropriate.

## COUNT III

**VIOLATIONS OF THE PWPCL**
*(Named Plaintiff v. Defendant)*

42. Named Plaintiff incorporates all previous paragraphs of this Complaint herein by reference as if more fully set forth at length.

43. Defendant is an "employer" as that term is defined under the PWPCL, and is thereby subject to liability for wages, liquidated damages and reasonable attorneys' fees for non-payment of salary and/or wages under the PWPCL, 43 Pa.C.S. § 260.1, *et seq*.

44. Named Plaintiff is entitled to be paid one and one-half (1½) times his regular rate of pay for all hours worked in excess of forty (40) in a workweek, as provided by, *inter alia*, 29 U.S.C. § 207(a) and 43 Pa.C.S. § 333.104(c). The failure to pay said wages constituting a violation of 29 U.S.C. § 215(a)(2) and 43 Pa.C.S. § 333.104(c).

45. Defendant has failed to pay Named Plaintiff one and one-half (1½) times his regular rate of pay for all hours worked in excess of forty (40) in a workweek, in violation of PMWA. Defendant has, therefore, failed to regularly pay

Named Plaintiff for all earned wages from the date he was first employed, through his resignation date of June 29, 2018, in violation of the PWPCL. Accordingly, wages in the form of overtime pay are due and owing to Named Plaintiff pursuant to Section 260.3(a) of the PWPCL. Further, Defendant has violated the PWPCL through its failure to pay Named Plaintiff all wages due for work he performed prior to his resignation of employment pursuant to Section 260.5(a) of the PWPCL.

46. The total amount due Named Plaintiff by Defendant constitutes wages under Section 260.2a of the PWPCL, and failure to pay the amount due constitutes a violation of the PWPCL.

47. In accordance with Section 260.10 of the PWPCL, by reason of Defendant's actions, Named Plaintiff is entitled to liquidated damages in an amount equal to twenty-five percent (25%) of the wages due in addition to all wages due.

48. In accordance with Section 260.9a of the PWPCL, by reason of Defendant's actions, Named Plaintiff is entitled to reasonable attorneys' fees associated with this action.

49. The wages withheld from Named Plaintiff was not the result of any bona fide dispute.

WHEREFORE, Named Plaintiff, Barry A. Lake, Jr., respectfully requests that this Honorable Court enter Judgment in his favor and against Defendant, TerraSmart, LLC, as follows:

(a)  Enter judgment in favor of Named Plaintiff against Defendant for failing to pay wages in violation of the PWPCL;

(b)  Award Named Plaintiff liquidated damages in an amount equal to twenty-five percent (25%) of the wages due in addition to all wages due, in an amount to be shown at trial;

(c)  Award Named Plaintiff all compensatory, exemplary, liquidated, and punitive damage, including compensation for any retirement and/or tax consequences;

(d)  Award Named Plaintiff pre- and post-judgment interest at the legal rate;

(e)  Award Named Plaintiff his costs and reasonable attorneys' fees in bringing this action;

(f)  Enter an Order enjoining Defendant from future violations of the wage provisions of the PWPCL; and

(g)  Award Named Plaintiff any other relief that this Court or a jury deems appropriate.

## JURY DEMAND

Named Plaintiff and all Plaintiffs opting into the collective action aspect of this lawsuit demand a trial by jury on all issues triable to a jury as a matter of right.

Respectfully submitted,

WEISBERG CUMMINGS, P.C.

June 28, 2019
Date

*/s/ Derrek W. Cummings*
Derrek W. Cummings, Esquire
Bar I.D. No.: PA 83286
dcummings@weisbergcummings.com

*/s/ Larry A. Weisberg*
Larry A. Weisberg, Esquire
Bar I.D. No.: PA 83410
lweisberg@weisbergcummings.com

*/s/ Steve T. Mahan*
Steve T. Mahan, Esquire
Bar I.D. No.: PA 313550
smahan@weisbergcummings.com

*/s/ Stephen P. Gunther*
Stephen P. Gunther, Esquire
Bar I.D. No.: PA 324203
sgunther@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707
(717) 233-8133 (Fax)

*Counsel for Plaintiffs*